IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                     Plaintiff,    ) | |
| vs.                                    )  | Case No. 05-40017-01-SAC |
| EBRIMA TUNKARA,                )  | |
|                     Defendant.    ) | |

**MOTION IN LIMINE
RE: PRIOR CONVICTION**

COMES NOW the Accused and asks the Court to exclude from trial any evidence of a prior drug conviction. The government gave notice pursuant to FRE 404(b) that it intends to introduce a felony drug conviction from DeKalb County, Georgia. Mr. Tunkara objects for the following reasons:

1. The notice is insufficient, as Mr. Tunkara is unaware of any felony drug conviction; no case number or other identifying information has been provided.

2. If, in fact, the conviction referenced by the government is the misdemeanor simple possession of marijuana, that should be excluded as irrelevant and unfairly prejudicial under FRE 401 and 403.

3.  The government provided a laundry list of theories of admissibility, none of which justify the admission of the prior misdemeanor.

## Argument and Authority

Federal Rule of Evidence 404(b) governs the admissibility of evidence of a defendant's other criminal acts:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....[1]

Where evidence is offered under Rule 404(b), the government bears the burden of showing that the proffered evidence is relevant to an issue other than character.[2] The government must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred" from the other acts evidence.[3] Tenth Circuit precedent requires this Court to identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn from it.

---

[1] Fed.R.Evid. 404(b).

[2] *U.S. v. Biswell*, 700 F.2d 1310, 1317 (10th Cir.1983).

[3] *U.S. v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985).

Federal Rule of Evidence 404(b) permits the introduction of other acts evidence for purposes other than to show criminal propensity.[4] To evaluate the propriety of admitting FRE 404(b) evidence, this Court must apply a four-part test. This test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts [evidence] is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct

---

[4] *U.S. v. Tan*, 254 F.3d 1204 (10th Cir. 2001). Other crimes evidence which invites the propensity inference violates not just 404(b), but the Due Process Clause of the Fifth Amendment. *Old Chief v. U.S.*, 519 U.S. 172, 182, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("there is…no question that propensity would be an 'improper basis' for conviction"); *Michelson v. U.S.*, 355 U.S. 469, 475-6, 69 S.Ct. 213, 93 L.Ed.2d 168 (1948) ("Courts that follow the common law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt"); *Sims v. Stinson*, 101 F.Supp.2d 187, 196 (S.D. N.Y. 2000) (noting a consensus of federal court opinions "consistent with the Supreme Court's strong suggestions that improper admission of character evidence may deprive a criminal defendant of a fundamentally fair trial. Past decisions recognize that our legal tradition rejects inferring guilt from evidence of propensity towards violence or criminality"); *McKinney v. Rees*, 993 F.2d 1378, 1382 (9th Cir. 1993) ("It is part of our community's sense of fair play that people are convicted because of what they have done, not who they are."); *Duvall v. Reynolds*, 139 F.3d 768, 788 (10th Cir. 1998) ("mistakenly admitted evidence of prior crimes can, in some instances, impinge upon the fundamental fairness of the trial itself")

the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.[5]

Mr. Tunkara will attempt to track the chronological order of the *Huddleston* test, examining each factor in turn.

### (1) Is the Evidence Admitted for a Proper Purpose?

The Government asserts that the evidence of Mr. Tunkara's alleged prior misdemeanor simple possession is admissible to prove his "motive, intent, knowledge, identity, absence of mistake or accident." It fails to describe with any particularity how this simple possession misdemeanor which occurred in 1998 would meet any of these exceptions.[6]

The only justification offered is that it would establish the defendant would recognize the smell of marijuana in this case. First, there is no evidence that he smelled marijuana in the prior case – he could have merely aided and abetted someone else, constructively rather than actually possessed it, or the marijuana could have been packaged so that its smell was not evident.[7] Second, there is a difference

---

[5] *U.S. v. Higgins*, 282 F.3d 1261 (10th Cir. 2002); *Huddleston v. U.S.*, 485 U.S. 681, 691-92 (1988).

[6] *Id*. at 1436.

[7] The discovery offered on this prior conviction provides no direction, and never actually places Mr. Ebrima Tunkara in actual possession of marijuana.

-4-

between the smell of burning marijuana, usually associated with misdemeanor possession, and raw marijuana associated with large scale trafficking.[8]

Knowledge is a contested issue in this trial, but that does not make the 1998 simple possession incident admissible. The knowledge rationale, unless carefully applied, can overlap substantially with the prohibited inference of criminal propensity. Proper application of the knowledge rationale "is premised on the hypothesis that it is unlikely that repetitive involvement in criminal conduct will leave a defendant oblivious to the character of the acts in question."[9] In these circumstances, the "only connection we can draw between defendant's prior conviction and his state of mind at the time of the . . . arrest is one based on character; i.e., defendant was more likely to know cocaine was in the [storage locker] because

---

[8] *U.S. v. Wald,* 216 F.3d 1222, *1228 (10th Cir. 2000)("In reaching the contrary conclusion, the district court relied on Mangelson's testimony about the pungent odor of methamphetamine and inferred that such an odor "could permeate from the trunk" of the vehicle. Had Mangelson testified that he detected the odor of raw methamphetamine, such evidence, if based upon proper foundation, would have sufficed to provide probable cause for the trunk search. *See Downs*, 151 F.3d at 1303 (holding that when an officer encounters "the overpowering smell of raw marijuana" emanating from a vehicle, probable cause to search the vehicle's trunk exists (emphasis added)). In the instant case, however, Mangelson testified that he smelled only burnt methamphetamine, not raw methamphetamine, and that burnt methamphetamine has a distinctively pungent odor. Following Nielsen and its progeny, the strong odor of burnt methamphetamine, whether or not it can permeate trunks, does not provide probable cause to search a trunk, because it is unreasonable to think someone smoked drugs in the trunk of a car").

[9] *U.S. v. Estabrook*, 774 F.2d 284, 288 (8th Cir. 1985).

he previously possessed cocaine."[10] And, "[a]ny non-propensity thread is attenuated by the fact that the previous crime took place six years before and involved different participants."[11]

Because the government has articulated no other theory of admissibility than the laundry list from the Rule, Mr. Tunkara will not attempt to guess at the basis for admissibility, other than to note that it is the government's burden to prove that an exception applies.[12]

**(2) Is it relevant?**

The prior simple possession is not relevant, as it does not make any fact of consequence more likely.[13] The 1998 event is too old to hold any real relevance. The government simply cannot bear its burden of proving any relationship between the years-old events to the charges before the jury.[14]

---

[10] *U.S. v. Arias-Montoya*, 967 F.2d 708, 711 (1st Cir. 1992).

[11] *U.S. v. Lynn*, 856 F.2d 430, 436 (1st Cir.1988).

[12] *U.S. v. Kendall*, 766 F2d 1426, 1437 (10th Cir. 1985).

[13] FRE 401.

[14] *U.S. v. Wilson*, 107 F.3d 774, 783-84 (10th Cir. 1997); *U.S. v. Rivera*, 837 F.2d 906 (10th Cir. 1988)(government bears burden of demonstrating nexus between other acts evidence to resolution of the disputed issues); *U.S. v. Vizcarra-Martinez*, 66 F.3d 1006 (9th Cir. 1995)(no sufficient nexus between prior possession for personal use and distribution or manufacturing charge to show knowledge harmful error reversed).

A prior narcotics conviction is relevant when that conduct was "close in time, highly probative, and similar to the activity with which the defendant is charged."[15] The evidence here concerns activity which occurred seven years ago. The Tenth Circuit has recently decided a factually similar case, holding that:

> The relevance of Becker's prior convictions is undermined by the length of time between the prior acts and the conduct involved in the instant convictions--the two prior felony convictions preceded the incident by approximately six years and the prior raid preceded it by about four years. Four to six years transcends our conception of "close in time".[16]

The relationship between a prior misdemeanor possession case and a current charge of distribution has been addressed by the Circuit, and in favor of Mr. Tunkara. The Tenth Circuit found that the trial court abused its discretion in admitting a simple possession prior conviction to prove knowledge in a possession with intent to distribute trial in *U.S. v. Wilson*.[17] Like Mr. Tunkara, the defendant in *Wilson* had a prior conviction for a crime different than the instant charge. In addressing

---

[15] *U.S. v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997); *U.S. v. McKinnell*, 888 F.2d 669, 676 (10th Cir.1989).

[16] *U.S. v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000); Compare *U.S v. Ramirez*, 63 F.3d 937, 943-44 (10th Cir.1995) (upholding the admission of prior acts that occurred one year earlier); *U.S. v. Mora*, 845 F.2d 233, 237 (10th Cir.1988) (upholding the admission of a prior uncharged drug transaction occurring approximately one to two months earlier).

[17] 107 F.3d 774, 783-84 (10th Cir. 1997).

*Huddleston's* second prong, the Tenth Circuit questioned the relevancy of the prior possession to the charge of possession with intent to distribute. "Prior narcotics involvement is relevant when that conduct is close in time, highly probative, and similar to the activity for which the defendant is charged."[18] Based on this analysis, the court concluded that the trial court abused its discretion in admitting the prior conviction. The court aptly reasoned that:

> [A]lthough there is a relationship between a person's possession of cocaine and his or her knowledge of the substance itself, it does little to support an inference that Mr. Wilson either possessed, knew he possessed, or intended to distribute the cocaine found. . . . [19]

**(3) If relevant, does the prejudicial value outweigh relevance under 403?**

The weighing of probative value against unfair prejudice results in exclusion. Any probity is far outweighed by the jury's prejudice upon learning that Mr. Tunkara has a prior marijuana-related conviction. As this Court knows, other crimes evidence is enormously prejudicial. One court has even gone so far as to opine that "once prior

---

[18] *Id.* at 785.

[19] *Wilson* at 785; *see U.S. v. Gordon*, 987 F.2d 902, 909 (2nd Cir. 1993)(prior simple possession conviction did virtually nothing to prove knowledge of importing drugs).

convictions are introduced, the trial is for all practical purposes, completed and the guilty outcome follows as a mere formality".[20]

Recently, the Tenth Circuit reversed a criminal case based on admission of a prior conviction under FRE 404(b). There, the Court aptly warned:

> [A]n obvious truth is that once prior convictions are introduced the trial is, for all practical purposes, completed and the guilty outcome follows as a mere formality. This is

---

[20] *U.S. v. Burkhart*, 458 F.2d 201, 204 (10th Cir.1972); See also *Commonwealth v. Bryant*, 530 A.2d 83, 515 Pa. 473, 477 (1987) ("evidence of prior criminal activity on the part of the accused is so highly prejudicial in its effect upon the jury as to be equaled only by an actual confession in its impact upon the deliberative process"); *U.S. v. Daniels*, 248 U.S.App.D.C. 198, 205, 770 F.2d 1111, 1118 (1985) ("to tell a jury the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities"); *Pinkney v. U.S.*, 124 U.S.App.D.C. 209, 211, 363 F.2d 696, 698 (1966) (other crimes evidence may "result in casting such an atmosphere of aspersion and disrepute about the defendant as to convince the jury that he is a habitual lawbreaker who should be punished and confined for the good of the community"); *Sager v. Maass*, 907 F.Supp. 1412, 1421 (D. Or. 1995) ("The prosecution cannot introduce evidence of a defendant's "unsavory character merely to show that he is a bad person and thus more likely to have committed the crime. Jurors are not likely to remain impartial after hearing evidence which permits them to believe that acquitting the defendant may mean releasing an exceedingly dangerous person"); *U.S. v. Cook*, 538 F.2d 1000, 1004 (3rd Cir. 1976) ("This balancing test is the modern bastion of a long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice." Because the weighing entails competing interests, it is delicate, and must be employed with care lest accommodation to the prosecutor's needs result in subverting a principle that is central to our concept of fairness. We are not the first Court to caution against allowing the exceptions to swallow this important rule").

>true regardless of the care and caution employed by the court in instructing the jury.[21]

Because the probative value of the 1998 drug transactions is substantially diluted by the passage of time, the unfair prejudice which remains counsels against admission of the evidence. The most likely inference from the stale conviction is mere propensity, portraying Mr. Tunkara as a drug user who acted in concert with his character.[22] Therefore, it is inadmissible.

### (4) *Jury Instruction*

No jury instruction can make irrelevant evidence relevant, nor can it mitigate unfair prejudice that would occur in this case. As the recent *McNeill* case noted:

>In our view, the district court erred in admitting evidence of the California conviction and the cautionary instructions given the jury in connection therewith, did not, indeed could not, cure that error. In short, the district court abused its discretion in admitting evidence of Parada's California conviction.

There, the Court reversed, rejecting harmless error arguments predicted on a limiting instruction: "Moreover, "[i]mproper admission of evidence of a prior crime or

---

[21] *U.S. v. McNeill,* 2005 WL 1415567, *5 (10th Cir 2005)(unpub).

[22] *U.S. v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997) ("Under Huddleston 's third prong, we find that this evidence is highly prejudicial to Mr. Wilson. The evidence of the prior conviction tends to incriminate Mr. Wilson's character and portray him as a drug user, who thus is likely to be the individual who sold cocaine at 2026 North Green.")

conviction, even in the face of other evidence amply supporting the verdict, constitutes plain error impinging upon the fundamental fairness of the trial itself. We reject any suggestion that the error in this case was harmless."[23]

For these reasons, the prior misdemeanor conviction should be excluded from trial.

Respectfully submitted,


S/Melody Evans
MELODY EVANS #17612
Assistant Federal Public Defender
    For the District of Kansas
424 South Kansas Avenue, Room 205
Topeka, Kansas 66603-3439
Phone: 785/232-9828
Fax: 785/232-9886
E-mail Address: melody_evans@fd.org
ATTORNEY FOR DEFENDANT

---

[23] *U.S. v. McNeill,* 2005 WL 1415567, *4 (10th Cir. 2005)(unpub).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 3, 2005, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mr Randy M. Hendershot
    Assistant United States Attorney
    444 SE Quincy      Room 290
    Topeka KS 66683


                                              s/ Melody Evans