IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-40017-01-SAC |
| ) | |
| EBRIMA TUNKARA, ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION IN LIMINE**
**RE: RECEIPTS**

COMES NOW the Accused, Ebrima Tunkara, and asks this Court to exclude from trial several receipts that the government has listed as exhibits.[1] These receipts were found during a search of the co-defendant's bus. The co-defendant is listed on some of the receipts, but Mr. Tunkara is not. These receipts are from various places in the country on dates close to the date of the offense.

These receipts are hearsay[2] and without foundation.[3] Furthermore, because the co-defendant is not testifying, Sixth Amendment right to confrontation is denied if

---

[1] The government does not object to the late filing of this limine, as the parties agree that it is better to resolve this evidentiary matter prior to trial.

[2] FRE 801.

[3] FRE 901.

the receipts are admitted.[4]  The receipts are offered to prove the truth of the matter asserted, that Mr. Tunkara and the co-defendant were at that particular motel or business on that particular date.[5]

The Tenth Circuit has been quite clear on the inadmissibility of receipts in trial. In *U.S. v. Jefferson*[6], the district court admitted a pager receipt:

> [A]ccording to the plain language of 801, the pager bill was inadmissable hearsay.  Our conclusion . . . is supported by a number of cases holding that a receipt introduced as evidence of payment for a good or service constitutes hearsay.[7]

The Court rejected the government's argument about corroborating circumstantial evidence:  "The protection afforded an accused by Rule 801 should not be discarded simply because the evidence is to be used circumstantially."

Should the government offer evidence that receipts were found with the co-defendant's name on them, to show connection and possession of the vehicle by the co-defendant, without further identifying information, Mr. Tunkara has no objection.[8]

---

[4] *Crawford v. Washington,* 541 U.S. 36 (2004).

[5] FRE 801.

[6] 925 F2d 1242 (10th Cir. 1991).

[7] *Id.* at 1252, citing *U.S. v. Markopoulos*, 848 F.2d 1036, 1039 (10th Cir. 1988); *U.S. v. Watkins*, 519 F.2d 294, 296-97 (DC Cir. 1975).

[8] *U.S. v. McIntyre*, 997 F.2d 687, 702 (10th Cir. 1993)(district court refused to admit receipts based on hearsay, but properly allowed testimony that receipts with defendant's name and address were found in purse to show ownership).

Again, none of the receipts has Mr. Tunkara's name on it. The additional information, beyond the hearsay and confrontation clause objection, is irrelevant, as it does not prove or disprove any fact in dispute.[9]

WHEREFORE, Mr. Tunkara asks the Court to exclude from evidence the hotel and business receipts offered by the government.

> Respectfully submitted,
>
> S/Melody Evans
> MELODY EVANS #17612
> Assistant Federal Public Defender
>    For the District of Kansas
> 424 South Kansas Avenue, Room 205
> Topeka, Kansas 66603-3439
> Phone: 785/232-9828
> Fax: 785/232-9886
> E-mail Address: melody_evans@fd.org
> ATTORNEY FOR DEFENDANT

---

[9] FRE 401 and 403.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2005, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mr Randy M. Hendershot
    Assistant United States Attorney
    444 SE Quincy    Room 290
    Topeka KS 66683


                                          s/ Melody Evans