IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
       PLAINTIFF,

  vs.           No. 05-40017-01-SAC

EBRIMA TUNKARA,
       DEFENDANT.

RESPONSE TO LIMINE MOTION: RECEIPTS

Comes now the government by and through Eric F. Melgren, United States Attorney for the District of Kansas, and Randy M. Hendershot, Assistant United States Attorney, and files the following response.

MOTION IN LIMINE REGARDING RECEIPTS

The defendant seeks a pre-trial ruling prohibiting the admission of government's proposed exhibits 4-9, and 11, all consisting of motel or convenience store receipts from Arizona and Colorado. The purpose of the receipts is to allow the tracing of the whereabouts of the defendants through the time period immediately prior to their arrest.

The defendant seeks exclusion of the receipts on the grounds that they constitute hearsay. Even if the documents were offered for a hearsay purpose, they would be admissible as adoptive admissions, since they were

discovered in the bus that both men occupied. *United States v. Ashby*, 864 F.2d 690, 692 (10th Cir.1988). See also

> ..... [T]his evidence was admissible because the defendants' possession of the tickets and the other documents constituted an adoption. *United States v. Canieso*, 470 F.2d 1224, 1232 n. 8 (2d Cir. 1972); IV Wigmore, Evidence s 1073(2) (Chadbourn rev. 1972). Just as silence in the face of an accusation may constitute an admission to its truth, possession of a written statement becomes an adoption of its contents. Adopted admissions are not hearsay and may be admitted into evidence. Fed.R.Evid. 801(d)(2)(B).

*United States v. Marino*, 658 F.2d 1120, 1124 (6th Cir.1981)(Airline tickets found on the persons of the defendants.) (While the Tenth Circuit has later considered and rejected ((FN14)) the approach of the *Marino* case, they did so in the context of a pager bill admitted to show the defendant had contracted for pager service. In the same case, they approved the holding of the earlier *Ashby* case, ((FN11)). The determinative factor is whether the internal information is offered for the truth of the information, or for an independent purpose. *United States v. Jefferson*, 925 F.2d 1242, 1253, footnotes 11 and 13. (10th Cir.1991.)

The court should also consider the recent case of *United States v. Paulino*, 13 F.3d 20, 24 (1st Cir.1994)(rent receipt admissible when it

bore the name of the defendant and was in a place that he had frequented and to which he had a key.), and *United States v. Ospina*, 739 F.2d 448, 451 (9th Cir.1984) (business cards with handwritten notes and motel receipt found in defendant's hotel room were admissible as adoptive admissions).

If the government was offering the receipts for the purpose of establishing the truth of the matter shown in the receipts, for existence, that one of the defendants bought a beach towel, then the argument might be well taken. However, the government seeks admission of the documents not for that purpose, but for linking the defendants with the locations at which the documents originated.

    Respectfully submitted,
ERIC F. MELGREN
United States Attorney
s/ Randy M. Hendershot
Randy M. Hendershot, S.Ct. #08962
Assistant United States Attorney
444 SE Quincy, Room 290
Topeka, KS  66683-3592
(785) 295-2850
Randy.Hendershot@usdoj.gov

CERTIFICATE OF SERVICE (ELECTRONIC FILING VERSION)
I hereby certify that a copy of the above and foregoing was electronically filed (CM/ECF, which will send electronic notice to the listed

attorney) with the clerk of the court on the  8th  day of August  , 2005, addressed to the following:

    Ms. Melody Evans
    Assistant Federal Public Defender
    United States Post Office
    424 South Kansas, Room 200
    Topeka, KS  66603-3439          s/Randy M. Hendershot
                                        RANDY M. HENDERSHOT, #08962
                                        Assistant United States Attorney